IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Michelle Castellanos, *et al.*, | : | Chief Judge Susan J. Dlott |
| | : | |
| Plaintiffs, | : | Case No. 1:11-cv-815 |
| | : | |
| v. | : | Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Complaint |
| | : | |
| Deutsche Bank, Trustee for Long Beach Mortgage, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Deutsche Bank's Motion to Dismiss Complaint (Doc. 11). Plaintiffs have filed thirteen claims in this case alleging, generally, that the Defendant wrongfully instituted foreclosure proceedings in state court upon their family home. In response to the pending motion, Plaintiffs oppose dismissal of several, but not all, claims pleaded in the Verified Complaint. The Court concludes that Plaintiffs have abandoned several claims, that several other claims fail to state a claim upon which relief can be granted, and that only a Fair Debt Collection Practices Act claim survives. Accordingly, the Court will **GRANT IN PART AND DENY IN PART** the Motion to Dismiss Complaint.

I.  BACKGROUND

A.  Factual

The well-pleaded allegations of Plaintiffs' Verified Complaint (doc. 1) are accepted as true for purposes of the dismissal motion.

Plaintiff Orlando Carter is a resident of Warren County, Ohio. (Doc. 1 ¶ 3.) He is the legal owner of and previously resided at 973 Sanctuary Lane, Maineville, Ohio 45039 ("the Property") in Warren County. (Doc. 1 ¶¶ 3, 11.) Plaintiff Michelle Castellanos, Carter's fiancée

1

and the mother of his son, also is a resident of Warren County, Ohio. (*Id.* ¶¶ 1, 4.) Carter gave Castellanos the right to use the family home located on the Property more than two years prior to the filing of the Verified Complaint on November 17, 2011. (*Id.* ¶ 12.)

Upon information and belief, Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign banking institution. (*Id.* ¶ 5.) It holds mortgages in Ohio and has filed foreclosure actions in Ohio. (*Id.*)

On July 24, 2009, Deutsche Bank initiated a foreclosure lawsuit against Carter as to the Property in the Warren County, Ohio Court of Common Pleas, Case No. 09CV74870 ("the Foreclosure Action"). (*Id.* ¶¶ 13–14.) Deutsche Bank asserted in the Foreclosure Action that it was holder of the promissory note ("the Note") secured by a mortgage ("the Mortgage") that is a valid lien upon the Property. (*Id.* ¶ 6; Doc. 1-5 Exs. B, C.)[1] Deutsche Bank asserted that it obtained the Note and Mortgage through an "Assignment of Mortgage" dated July 14, 2009 from Washington Mutual Bank to Deutsche Bank, which Assignment Deutsche Bank then filed in the state court. (*Id.* ¶¶ 15–17; Doc. 1-5 Ex. A.) The Assignment is executed by Rodger Berry, the Vice President of JPMorgan Chase Bank, N.A, "Successor in interest from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual successor in interest to Long Beach Mortgage Company." (Doc. 1 ¶ 18; Doc. 1-5 Ex. A.)

Plaintiffs allege that the Assignment "wholly fails to establish any foundation for the facts it contains" and that it "exists primarily to mislead the court in the Foreclosure Action into the false belief that Defendant Deutsche Bank was the legal holder and owner of the [N]ote and [M]ortgage." (*Id.* ¶ 19.) Plaintiffs further allege that Deutsche Bank, "through this subterfuge,

---

[1] The copy of the Note submitted into the record by Plaintiffs is not endorsed. (Doc. 1-5 Ex. B.) Deutsche Bank has submitted a different copy of the Note into the record, this copy bearing a blank endorsement. (Doc. 23-1.) However, Deutsche Bank concedes that the copy of the Note which was filed as an exhibit in the Foreclosure Action was not endorsed. (Doc. 11 at 11 n.6.)

2

attempted to wrongfully obtain Plaintiffs' interests and property through default judgment though Defendant Deutsche Bank knew it had no legal standing to even file the Foreclosure Action." (*Id.* ¶ 20.)

Deutsche Bank dismissed the foreclosure action on July 13, 2011 "on the eve of trial." (*Id.*) Prior to that time and throughout the Foreclosure Action, agents and employees of Deutsche Bank repeatedly entered the Property, changed locks on the house, damaged the house, and deprived Plaintiffs of the use of their house. (*Id.* ¶ 21.)

**B.     Procedural**

Plaintiffs Carter and Castellanos filed their Verified Complaint (Doc. 1) on November 17, 2011. They assert thirteen claims for relief:

1.   Breach of the covenant of good faith and fair dealing;
2.   Slander/cloud of title;
3.   Fraud upon the court/abuse of process;
4.   Violation of civil rights;
5.   Violation of sections 807 and 808 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692;
6.   Violation of the Fair Credit Reporting Act;[2]
7.   Violation of the RICO statutes, 18 U.S.C. §§ 1962 and Ohio Revised Code § 2923.32;
8.   Violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code §§ 1345.02, 1345.03, and/or 1345.031;
9.   Declaratory judgment;
10.  Rescission;
11.  Trespass;
12.  Conversion; and
13.  Fraud.

(*Id.*)

Defendant Deutsche Bank has moved to dismiss each claim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of

---

[2] Plaintiffs misidentify this claim in the Verified Complaint. They identify a claim for a violation of the "Fair Debt Reporting Act" at 15 U.S.C. § 1681(s)(2)(b). (Doc. 1 at 10–11.) The Fair *Credit* Reporting Act is contained at 15 U.S.C. § 1681, *et seq.* Also, § 1681 does not contain a subsection (s)(2)(b).

Civil Procedure.  Plaintiffs oppose the dismissal motion only as to claims for fraud, breach of the covenant of good faith and fair dealing, violation of the OCSPA, violation of the FDCPA, declaratory judgment, and trespass.  The dismissal motion is now ripe for consideration.

Case: 1:11-cv-00815-SJD Doc #: 24 Filed: 07/06/12 Page: 4 of 20  PAGEID #: 196

## II. STANDARDS GOVERNING MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). However, this tenet is inapplicable to legal conclusions, or legal conclusions couched as factual allegations, which are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Harvard v. Wayne Cty.*, 436 F. App'x 451, 457 (6th Cir. 2011) (internal quotation or citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.[3] The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678.

---

[3] In accordance with this standard, the Supreme Court also specifically repudiated the pleading standard articulated in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that a complaint fails to state a claim when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63. The Court in *Twombly* said the "no set of facts" language from *Conley* had "earned its retirement" and was "best forgotten." *Id.* at 563.

**III.     ANALYSIS**

**A.     Claims for Which Dismissal Is Not Opposed**

Plaintiffs do not oppose dismissal of the following claims: slander/cloud of title; fraud upon the court/abuse of process; violation of civil rights; violation of the Fair Credit Reporting Act; violation of the RICO statutes; rescission; and conversion. (Doc. 17). The Court considers the Plaintiffs to have abandoned these claims. Accordingly, the Court will dismiss these claims.

**B.     Standing of Plaintiff Castellanos**

Deutsche Bank contends that Michelle Castellanos lacks standing to assert the remaining claims relating to the Property. Plaintiffs allege that Carter is the owner of the Property and that he previously resided at the Property. They allege that Carter gave "exclusive use and possession" of the Property to Castellanos on or before November 17, 2009—two years before Plaintiffs filed the Verified Complaint. (Doc. 1 ¶ 12.) Deutsche Bank initiated the Foreclosure Action solely against Carter. Castellanos is not a signatory to the Note or Mortgage, nor is she listed as a "borrower" on the documents. (Doc. 1-5 Ex. B, C.) She cannot assert claims against Deutsche Bank based on a purported mortgagee-mortgagor relationship.

Based on the facts alleged, the Court agrees with Deutsche Bank that Castellanos lacks standing to assert claims against Deutsche Bank. She has not alleged that she has suffered a concrete and particularized "injury in fact" to a legally protectable interest. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (defining "injury in fact" as constitutional prerequisite for standing); *see also Mayo v. GMAC Mortg., LLC*, 763 F. Supp. 2d 1091, 1102 (W.D. Mo. 2011) (stating that a wife had no standing to sue under a Missouri statute regulating second residential mortgage loans if she was not a party to the mortgage loan because she had no injury in fact), *abrogated in part on other grounds*, *Wash. v. Countrywide Home Loans, Inc.*, 655

F.3d 869, 876 (8th Cir. 2011). Further, she cannot assert the rights of Carter or any other person relative to the Property. *See Smith v. Jefferson Cty. Bd. of Sch. Comm'r*, 641 F.3d 197, 206 (6th Cir. 2011) (stating that a plaintiff must assert only his own rights and not that of a third party), *cert. denied*, *Jefferson Cty. Bd. of Sch. Comm'r v. Smith*, 132 S. Ct. 103 (2011). Accordingly, the Court will dismiss Castellanos's claims against Deutsche Bank.[4]

**C.  Common Law Fraud**

Plaintiffs assert in this claim that Deutsche Bank filed the Assignment in the Foreclosure Action knowing it was a "complete unlawful fabrication" and was fraudulent. (Doc. 1 ¶¶ 84–88.) Plaintiffs further assert that they and the state court justifiably relied on Deutsche Bank's false representation: the state court by granting Deutsche Bank a default judgment (which was later vacated) and Plaintiffs by moving out of their house on the Property. (*Id.*) Deutsche Bank moves for dismissal of this claim. Plaintiffs do not make any direct arguments opposing the dismissal of this claim, but throughout the Memorandum in Opposition they generally assert fraudulent conduct by Deutsche Bank. (Doc. 17.) The Court will assume that Plaintiffs oppose dismissal of the fraud claim.

The elements of common law fraud in Ohio are a representation or concealment of a material fact, made falsely with the intent to mislead the plaintiff, justifiable reliance by the plaintiff, and injury caused by the reliance. *Burr v. Bd. of Comm'rs of Stark Cty.*, 23 Ohio St. 3d 69, 491 N.E.2d 1101, at syllabus ¶ 1 (1986). In the case of *McCubbins v. BAC Home Loans Servicing, L.P.*, No. 2:11-cv-547, 2012 WL 140218 (S.D. Ohio Jan. 18, 2012), a Southern District of Ohio court held that the mortgagor plaintiffs had failed to state a fraud claim based on misrepresentations made by the mortgage holder in connection with a foreclosure. *Id.* at *4.

---

[4] Despite this independent basis to dismiss the Castellanos' claims, the other bases for dismissal discussed below also apply to Castellanos' claims.

The *McCubbins* plaintiffs asserted that the assignment of mortgage purporting to assign their mortgage was fraudulent because the assignment was executed by a person lacking authority to do so and outside the presence of a notary public. *Id.* at *1, 4. The Court found that the allegedly fraudulent "statement" made when the assignment was submitted to the foreclosure court was not directed towards the plaintiffs. *Id.* at *4. The court also noted that the plaintiffs were not a party to the assignment transaction. *Id.* Finally, the court refused to accept the threadbare assertions that the plaintiffs justifiably relied on the allegedly false statements. *Id.* at *5.

Similarly, in another case the court dismissed a mortgagor's fraud claim based upon an allegation that the defendant mortgagee had submitted a robo-signed affidavit containing false information in a separate foreclosure action. *See Hammond v. Citibank, N.A.*, No. 2:10-cv-1071, 2011 WL 4484416, at *1, 9 (S.D. Ohio Sept. 27, 2011). The district court found that the allegedly false affidavit was directed toward the foreclosure court and intended to induce the foreclosure court to act. *Id.* at *9. "A plaintiff may only bring a fraud claim where the defendant made the representation to induce the plaintiff, not a third party, to act upon them." *Id.*

The same analysis applies here. The only fraudulent "statement" alleged by Plaintiffs is the filing of the Assignment in the Foreclosure Action. (Doc. 1 at 15.) The state court allegedly relied on the Assignment in initially granting a default judgment. (*Id.*) However, Plaintiffs have cited any authority supporting their assertion that the filing of the Assignment in the Foreclosure Act constituted a fraudulent statement towards them. The Court will dismiss Plaintiffs' fraud claim against Deutsche Bank.

D.     **Breach of the Covenant of Good Faith and Fair Dealing**

Plaintiffs allege in this cause of action that Deutsche Bank falsely claimed to be the legal holder and owner of the Note and Mortgage upon the Property and that, as such, Deutsche Bank had a duty to exercise good faith and fair dealing in the prosecution of the Foreclosure Action. (Doc. 1 ¶¶ 24–28.) Plaintiffs allege that Deutsche Bank breached that duty by filing the purportedly fraudulent Assignment with the state court. (*Id.*) Deutsche Bank asserts that these allegations are insufficient as a matter of law to state a claim for breach of the covenant of good faith and fair dealing.

"In Ohio, the covenant of good faith and fair dealing does not exist independently but only attaches to a contractual relationship." *Hammond*, 2011 WL 4484416, at *12; *see also McCubbins*, 2012 WL 140218, at *5 (stating same principle); *King v. CitiMortgage, Inc.*, No. 2:10-cv-01044, 2011 WL 2970915, at *9 (S.D. Ohio July 20, 2011) (stating same principle, but identifying an exception in the insurance context). Additionally, a mortgagor-mortgagee relationship, standing alone, is not a special fiduciary relationship which can substitute for contractual privity and give rise to a claim for breach of the covenant of good faith and fair dealing. *King*, 2011 WL 2970915, at *10. The *King* case is instructive. The Kings alleged that CitiMortgage falsely claimed to be the holder and owner of a note and mortgage on the Kings' home based upon an allegedly false assignment of mortgage. *Id.* at *1. The court held that mortgagor-mortgagee relationship between the Kings and CitiMortgage did not give rise to a fiduciary relationship. *Id.* at *10. Therefore, the court found that the Kings had not asserted a claim for breach of contract and held that they could not assert a claim for breach of the covenant of good faith and fair dealing. *Id.* Plaintiffs here do not attempt to dispute or distinguish the *McCubbins*, *Hammond*, or *King* cases.

Plaintiffs have not asserted a separate claim for breach of contract here. Plaintiffs'

9

breach of the covenant of good faith and fair dealing appears to be based on the mortgagor-mortgagee relationship created by Deutsche Bank's assertion that it is the holder of the Note and Mortgage pursuant to the Assignment.  Significantly, this relationship is created at most between Plaintiff Carter and Deutsche Bank.  Only Carter is listed as the "borrower" on the Note and Mortgage.  (Doc. 1-5 Exs. B, C.)  Carter's claim fails pursuant to the analysis in the *King* case.  The covenant of good faith and fair dealing does not arise from a mortgagor-mortgagee relationship.  Accordingly, the Court will dismiss the breach of the covenant of good faith and fair dealing claim.

### E. Ohio Consumer Sales Practices Act

Plaintiffs allege in this claim that Deutsche Bank engaged in a pattern and practice of unfair, deceptive, and unconscionable acts by authorizing and directing the filing of the false Assignment and pursuing the Foreclosure Action both in violation of the OCSPA.  (Doc. 1 ¶¶ 64–67.)  Deutsche Bank moves for dismissal on the grounds that it is a financial institution not subject to the OCSPA.

The OCSPA purports to prohibit unfair and deceptive acts and practices in certain "consumer transactions," as that term is defined in the statute.  *See* Ohio Rev. Code §§ 1345.01(A), 1345.02.  Generally, a "consumer transaction" means "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."  Ohio Rev. Code § 1345.01(A).  The OCSPA exempts from the meaning of the term "consumer transactions," those transactions between persons defined in Ohio Revised Code § 5725.01 and their customers.  Ohio Rev. Code § 1345.01(A).  In § 5725.01, the term "financial institution" is defined to include  "[a] national bank" or "[a] bank,

10

banking association, trust company, savings and loan association, savings bank, or other banking institution that is incorporated or organized under the laws of any state." Ohio Rev. Code § 5725.01(A)(1), (3). Deutsche Bank refers the Court to a public record to establish that it is a national trust bank,[5] and therefore, a financial institution whose transactions with its customers are exempt from the OCSPA. *See Walter v. Wells Fargo Bank, NA*, No. 2:11-cv-912, 2012 WL 641949, *4 (S.D. Ohio Feb. 28, 2012) ("Because Defendant Wells Fargo is a national bank, it is a financial institution under the OCSPA and is therefore exempt from liability here."); *McCubbins*, 2012 WL 140218, *3 (dismissing OCSPA claim against a national bank because its interactions with mortgagors were not consumer transactions under the statute); *King*, 2011 WL 2970915, at *11 (dismissing OCSPA claim against a financial institution by one of its customers).

Plaintiffs do not dispute that Deutsche Bank is a trust bank whose transactions with customers generally are exempt from the OCSPA. (Doc. 17 at 9.) However, Plaintiffs contend that it is an open question under the OCSPA if a financial institution such as a trust bank can be liable under the OCSPA if it is acting in a capacity other than as a trust bank. Plaintiffs rely on the case of *JP Morgan Chase, N.A. v. Horvath*, No. 2:11-cv-543, --- F. Supp. 2d ---, 2012 WL 995397 (S.D. Ohio Mar. 23, 2012). In that case, the Horvaths obtained a residential mortgage loan from JP Morgan Chase and then sued JP Morgan Chase after JP Morgan Chase first denied a request for a loan modification and then sued for foreclosure. 2012 WL 995397, at *1. Importantly, JP Morgan Chase admitted in the suit that "in the transaction at issue . . . it acted as a mortgage loan servicer." *Id.* at *4. The court denied a motion to dismiss as to the OCSPA claim against JP Morgan Chase because three certified questions are pending before the Ohio

---

[5] This list is available on the website for the Office of the Comptroller of the Currency at http://www.occ.gov/topics/licensing/national-bank-lists/index-active-bank-lists.html.

Supreme Court on the issue of whether a bank which acts as a mortgage servicer can be held liable under the OCSPA.  *Id.* (citing *Ohio ex rel. DeWine v. GMAC Mortg. LLC*, 129 Ohio St. 3d 1446 (2011)).  Plaintiffs argue that this Court likewise should not dismiss the OCSPA claim against Deutsche Bank when the *GMAC Mortgage* case is pending still.

In rebuttal, Deutsche Bank argues that *Horvath* and *DeWine* are inapplicable. Plaintiffs did not allege in the Verified Complaint that Deutsche Bank acted as a mortgage servicer.[6] "Mortgage servicing" is defined as "[t]he administration of a mortgage loan, including the collection of payments, release of liens, and payment of property insurance and taxes." *Black's Law Dictionary* (9th ed. 2009).  Plaintiffs allege that Deutsche Bank purportedly obtained the Note and Mortgage via an Assignment of Mortgage dated July 14, 2009 and that it filed the Foreclosure Action on July 24, 2009.  (Doc. 1 ¶¶ 13–16; Doc. 1-5 Ex. A.)  As explained in the next subsection, Carter apparently was in default when the Mortgage was assigned to Deutsche Bank.  The Court cannot infer based on these limited allegations that Deutsche Bank acted as a mortgage servicer in this case so the *DeWine* case does not save the OCSPA claim.  Rather, the Court concludes on the facts alleged that Deutsche Bank is national trust bank exempt from the OCSPA.  The Court will dismiss the OCSPA claim.

---

[6] Instead, Plaintiffs categorize Deutsche Bank as a "creditor" and a "debt collector" for purposes of the FDCPA.  (Doc. 1 ¶¶ 46–47.)   A mortgage servicer can qualify as either a creditor or debt collector.  *See Bridge v. Ocwen Fed. Bank, FSB*, No. 09-4220, 681 F.3d 355, 359 (6th Cir. 2012).

**F.     Federal Debt Collection Practices Act**

Plaintiffs allege in this claim that Deutsche Bank is both a creditor and a debt collector under the FDCPA and that Deutsche Bank violated the FDCPA by engaging in unfair practices and making false and misleading representations. (Doc. 1 ¶¶ 44–50.) The FDCPA prohibits abusive, false, and misleading debt collection practices by debt collectors. 15 U.S.C. §§ 1692d, 1692e. Deutsche Bank moves to dismiss on the grounds that if it is a creditor, then it cannot also be a debt collector, and that creditors are not subject to liability under the FDCPA.

Deutsche Bank is correct that a entity cannot be both a creditor and a debt collector as to a particular debt and that creditors are not subject to liability under the FDCPA. The Sixth Circuit recently clarified that the "as to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' . . . because those terms are mutually exclusive." *Bridge v. Ocwen Fed. Bank, FSB*, No. 09-4220, 681 F.3d 355, 359 (6th Cir. 2012) (citation omitted). The term "creditor" is defined in the FDCPA to mean "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). The term "debt collector" is defined to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "does not include . . . (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) *concerns a debt which was not in default at the time it was obtained* by such person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). Accordingly, "[f]or an entity that did not originate

13

the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired." *Bridge*, 681 F.3d at 359. That entity is a debt collector subject to the FDCPA if the entity "either acquired a debt in default or has treated the debt as if it were in default at the time of acquisition." *Id.* at 362.

As stated above, Plaintiffs erroneously have pleaded conclusory legal allegations that Deutsche Bank was both a creditor and a debt collector. (Doc. 1 ¶¶ 46–47.) However, the Court will not dismiss the claim if the factual allegations can be understood to assert that Deutsche Bank is a debt collector, and not a creditor, subject to the FDCPA. Plaintiffs do not explicitly allege whether the debt was in default when the debt purportedly was assigned to Deutsche Bank pursuant to the Assignment of Mortgage.

However, Plaintiffs argue that it must be inferred that the debt was in default based on the date the Foreclosure Action was filed and contractual terms contained in the Assignment of Mortgage and the Note. The Note provides that the borrower will "make [his] monthly payments on the first day of each month." (Doc. 1-5 Ex. B ¶ 3(A).) Late charges do not accumulate until after a fifteen-day grace period. "If the Note Holder has not received the full amount of any monthly payment by the end of FIFTEEN calendar days after the date it is due, [the borrower] will pay a late charge to the Note Holder." (*Id.* Ex. B ¶ 7(A).) However, the Note is in default as soon as it is not paid on first day of the month, despite the fact that late charges do not accrue until after a fifteen-day grace period. "If [the borrower] do[es] not pay the full amount of each monthly payment on the date it is due, [the borrower] will be in default." (*Id.* Ex. B ¶ 7(B).)

The Court interprets the Note to provide that the Note Holder could seek foreclosure at

14

any time after the Borrower defaulted on the loan by not making a payment on the first of a month. Because Deutsche Bank filed the Foreclosure Action on July 24, 2009, the Court infers that it was Deutsche Bank's position that Carter had been in default on the Note from the first of that month or from the first of a preceding month. Additionally, the fact that the state court initially granted a default judgment to Deutsche Bank in the Foreclosure Action also supports the inference that the debt was in default in July 2009. Accordingly, the Court infers that Carter was in default on July 14, 2009 when the Assignment of Mortgage purportedly was issued to Deutsche Bank. Plaintiffs have pleaded sufficient facts to support the inference that Deutsche Bank was a debt collector for purposes of the FDCPA. *See Bridge*, 681 F.3d at 359 (stating that an entity that obtains a debt in default is a debt collector under the FDCPA). The Court will not dismiss the FDCPA claim on the grounds that Deutsche Bank was not subject to the FDCPA.

Deutsche Bank asserts a second ground for dismissal of the FDCPA claim. It contends that Plaintiffs do not allege in the Complaint that Deutsche Bank made any misrepresentations of fact which would be material to a borrower such as Plaintiff Carter. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The fraudulent representation alleged by Plaintiffs is the filing of the allegedly invalid Assignment in the Foreclosure Action. The FDCPA allegations here are similar to those in *Hammond*. In *Hammond*, the court concluded that allegations that the defendant banks submitted a false affidavit to support a foreclosure action were sufficient to state an FDCPA claim against the banks. *See Hammond*, 2011 WL 4484416, at *1, 6–7.[7] The Court finds on the authority of *Hammond* that Plaintiffs' allegations

---

[7] The *Hammond* court dismissed the FDCPA claim on another basis, however. The court found that the plaintiff had not pleaded facts to support a finding that the defendant banks were debt collectors under the FDCPA. *Id.* at *7–8. Specifically, the court held that the plaintiff in *Hammond* had not pleaded that the debt was in default when it was assigned to Citibank. *Id.*

15

that Deutsche Bank submitted a false affidavit to the court in the Foreclosure action are sufficient for Carter, the debtor, to state an FDCPA claim.

**G.     Declaratory Judgment**

In this claim, Plaintiffs asks the Court to declare "[w]hether Deutsche Bank was the holder and owner of the [N]ote and [M]ortgage and thus entitled to foreclose on the [Property]" and "[w]hether the Assignment of Mortgage was executed in accordance with the law and could be considered by the court in the Foreclosure Action." (Doc. 1 ¶¶ 68–71.) The federal Declaratory Judgment Act states in relevant part as follows:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Defendants move for dismissal arguing that Plaintiffs lack standing and that there is no actual controversy to resolve. To determine whether a case satisfies the "actual controversy" standard, the Court must determine whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted).

Deutsche Bank asserts that Carter lacks standing to seek a declaratory judgment. Several courts have held that a mortgagor lacks standing to file a claim challenging the validity of an assignment. "[A] litigant who is not a party to an assignment lacks standing to challenge that assignment." *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010) (citation omitted) (applying Michigan law); *see also Yuille v. Am. Home Mortg. Servs., Inc.*, No. 10-2564, 2012 WL 1914056, at *2 (6th Cir. May 29,

16

2012) (same principle); *Turner v. Lerner, Sampson & Rothfuss*, No. 1:11-cv-00056, 2011 WL 1357451, at *2 (N.D. Ohio Apr. 11, 2011) (applying principle under Ohio law). Stated differently, "a debtor may not challenge an assignment between an assignor and assignee." *Bridge v. Aames Cap. Corp.*, No. 1:09-cv-2947, 2010 WL 3834059, at *3–4 (N.D. Ohio Sept. 29, 2010).

> The *Bridge* court explained this principle as follows:
>
> [The underlying contract] is between [Debtor] and [Assignor]. [Assignor's] assignment contract is between [Assignor] and [Assignee]. The two contracts are completely separate from one another. As a result of the assignment of the contract, [Debtor's] rights and duties under the [underlying] contract remain the same: The only change is to *whom* those duties are owed.... [Debtor] was not a party to [the assignment], nor has a cognizable interest in it. Therefore, [Debtor] has no right to step into [Assignor's] shoes to raise [its] contract rights against [Assignee]. [Debtor] has no more right than a complete stranger to raise [Assignor's] rights under the assignment contract.

*Id.* (quoting *Ifert v. Miller*, 138 B.R. 159, 166 n. 13 (Bankr. E.D. Pa. 1992)). The court in *Bridge* concluded that the borrower had suffered no injury, even if an assignment was invalid, when the borrower was in default and was subject to foreclosure proceedings from whomever held the mortgage. *Id.* at *4–5. More recently, a court in this District recently dismissed a claim to quiet title brought pursuant to Ohio statutory law on the basis that the debtors could not challenge an assignment to which they were not a party. *Thomas v. Deutsche Bank Nat'l Trust Co.*, No. 2:11-cv-866, 2012 WL 1854297, at *2 (S.D. Ohio May 21, 2012).

Here the purported Assignment of Mortgage is a contract between Deutsche Bank as assignee and JPMorgan Chase Bank (the successor in interest from the FDIC, as receiver for Washington Mutual Bank, successor in interest to Long Beach Mortgage Company) as the assignor. (Doc. 1-5 Ex. A.) Carter is not a party to the Assignment contract. Carter's rights and duties under the Mortgage and the Note did not change based on who was the holder of the

17

Mortgage and Note. Pursuant to the case law cited above, Carter cannot state a claim challenging the validity of the Assignment of Mortgage. Consequently, the Court will dismiss this declaratory judgment claim because there is not an actual controversy which the Court can resolve in Carter's favor.

**H.**     **Trespass**

Trespass is defined under Ohio law as "the unauthorized entrance on another's property." *Acacia on the Green Condo. Ass'n., Inc. v. Gottlieb*, No. 92145, 2009 WL 2964373, at *9 (Ohio App. Sept. 17, 2009) (citing *Keesecker v. G.M. McKelvey Co.*, 141 Ohio St. 162, 47 N.E.2d 211 (1943)). "The essential elements necessary to state a cause of action in trespass are: (1) an unauthorized intentional act, and (2) entry upon land in the possession of another." *Brown v. Scioto Cty. Bd. of Comm'rs*, 87 Ohio App. 3d 704, 716, 622 N.E.2d 1153 (Ohio App. 1993). Plaintiffs allege in this claim that Deutsche Bank and its agents repeatedly have entered upon the Property, changed the locks of the house on the property, and have physically damaged the property. (Doc. 1 ¶¶ 77–83.) Plaintiffs further allege that Castellanos was denied the right to reside in the house and had to rent another house for more than two years. (*Id.* ¶ 82.)

Deutsche Bank moves to dismiss the trespass claim on the grounds that it had Carter's consent to enter upon the property pursuant to a clause in the Mortgage. Consent is a defense to trespass. *See Acacia on the Green Condo. Ass'n*, 2009 WL 2964373, at *9-10 (stating that a condo association member had a right, pursuant to the condo association rules, to enter a unit owner's residence when the owner violated a condo association rule); *Bayes v. Toledo Edison Co.*, Nos. L-03-1177, L-03-1194, 2004 WL 2426234, at *7 (Ohio App. Oct. 29, 2004) (stating that homeowner who gave consent to utility company to enter property to repair electrical poles and lines were not liable for trespass despite committing damage to the property during the

repairs). The Mortgage provides that when there is a "legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Interest (such as a proceeding . . . for . . . forfeiture) . . . , then Lender may do and pay for whatever is reasonable and appropriate to protect Lender's interest in the Property." (Doc. 1-5 Ex. C; Doc. 11-2 at 7–8.)[8] The Mortgage here further provides that in such circumstances the Lender may "enter[ ] the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off." (Doc. 11-2 at 8.) Deutsche Bank asserts that it had Carter's consent pursuant to this Mortgage language to enter the Property and change the locks on the house once it filed the Foreclosure Action.

Plaintiffs do not dispute this contractual interpretation. They respond only by stating that the claim should not be dismissed because "[o]ddly, this controversy hinges upon the rights of the parties in accordance with the note and mortgage between Mr. Carter and Long Beach Mortgage Company." (Doc. 17 at 13.) The Court does not understand this argument. To the extent that Plaintiffs mean to assert that Deutsche Bank could not exercise rights granted under the Mortgage as an assignee, the Court has already determined that the Plaintiffs cannot challenge the validity of the Assignment of Mortgage as an affirmative claim. The Court, accordingly, will dismiss the trespass claim.

---

[8] The copy of the Mortgage submitted by Plaintiffs at Doc. 1-5 Ex. C is nearly illegible. The Court relied on the copy of the Mortgage submitted by Deutsche Bank at 11-2.

19

**IV.	CONCLUSION**

For the foregoing reasons, Defendant Deutsche Bank's Motion to Dismiss Complaint (Doc. 11) is **GRANTED IN PART AND DENIED IN PART**. The Court dismisses all claims except the FDCPA claim filed by Plaintiff Carter against Deutsche Bank.

**IT IS SO ORDERED.**

	___s/Susan J. Dlott_____
	Chief Judge Susan J. Dlott
	United States District Court

20