IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michelle Castellanos, *et al.*,      :
                                     :      Case No. 1:11cv815
          Plaintiffs,                :
                                     :      Chief Judge Susan J. Dlott
          v.                         :
                                     :      Order Denying Plaintiff Orlando Carter's
Deutsche Bank, Trustee for Long Beach  :    Motion for Order to Further Compel
Mortgage,                            :      Discovery
                                     :
          Defendant.                 :


This matter is before the Court on Plaintiff Orlando Carter's Motion for Order to Further

Compel Discovery ("Motion to Compel") (Doc. 45).  The Court held a discovery conference on

this issue on September 4, 2013.  Defendant Deutsche Bank, Trustee for Long Beach Mortgage

("Deutsche Bank") filed a Memorandum in Opposition (Doc. 49) on October 2, 2013.  Carter did

not file a reply brief.  The Motion to Compel is ripe for adjudication.

I.      ANALYSIS

The Court will address each of Carter's primary arguments seriatim as they are presented

in his brief.

A.      **Documents Filed with the Foreclosure Complaint**

Carter seeks Deutsche Bank to produce "all documents filed with its foreclosure

complaint of July 24, 2009 which includes the note, mortgage and any endorsements or

assignments thereof, and any document related to its complaint which is in JMPC's [JPMorgan

Chase's] possession, as attorney in fact to Defendant."  (Doc. 45 at PageID 498.)  Deutsche Bank

responds that it produced the Note, Mortgage, Assignment, and Certificate of Incumbency to

Carter on May 29, 2013.  (Doc. 49-1 at PageID 589; Doc. 49-4 at PageID 627–55.)  Carter has

not identified any documents relevant to Deutsche Bank's foreclosure complaint which Deutsche Bank had in its possession and failed to produce.  The Court will not grant the Motion to Compel on this issue.

**B.      Identity of Persons with Information Regarding Interrogatories**

Carter seeks Deutsche Bank to "provide, as specifically requested in Interrogatory Numbers 1, 2, 3, 4 and 5, the name, address, and telephone number of any individual with information regarding the specific request of the interrogatory."  (Doc. 45 at PageID 499.) Deutsche Bank first responds that Carter failed to identify the specific Interrogatories at issue when the parties attempted to extra-judicially resolve these disputes.  Deutsche Bank contends that it could have resolved these discovery disputes with Carter if he had provided the relevant information.

In Interrogatory 1, Carter sought the "name and address, job title, employer, business address and phone number of the person answering these interrogatories for DBNTC."  (Doc. 49-12 at PageID 670.)  Deutsche Bank responded to this Interrogatory by stating that the Interrogatory Answers were provided by JPMorgan Chase Bank, N.A., attorney in fact for Deutsche.  (*Id.*)  The Answers were verified by Vicki Jo Autrey, Assistant Secretary for JPMorgan Chase Bank, N.A.  (*Id.* at PageID 679.)  It is not clear what additional information Carter now seeks.

In Interrogatory 2, Carter sought information concerning the "Affidavit of Lost File/Collateral Documents" email allegedly sent by Deutsche Bank to the United States Attorney's Office.  (*Id.* at PageID 671.)  Deutsche Bank previously admitted in its Responses to Plaintiff's Second Set of Requests for Admission dated July 22, 2013 that L'Tonya Andujar with Washington Mutual emailed an Affidavit of Lost File/Collateral Documents to AUSA Richard

Chema on April 10, 2009.  (Doc. 49-13 at PageID 689.)  Deutsche Bank now responds that the

information sought in Interrogatory 2 is irrelevant to Carter's FDCPA claim, the sole claim

pending in the current action.  It further responds that it does not know the names, addresses, or

phone numbers of individuals with knowledge of the "Affidavit of Lost File/Collateral

Documents."  (Doc. 49 at PageID 583.)  Carter has not provided the Court with an evidentiary

basis to challenge Deutsche Bank's representation.

      In Interrogatory 3 and 4, Carter sought information concerning the endorsement of the

Note by Jess Almanza and Angela Shepard.  (Doc. 49-12 at PageID 672.)  Based on the

indications on the face of the Note, Almanza and Shepard were executive employees of Long

Beach Mortgage Company, the original lender in regards to the Note.  (Doc. 49-4 at PageID

630.)  Deutsche Bank states that it does not have information pertaining to Long Beach Mortgage

Company's employees or their authority to endorse the Note.  Carter has not provided the Court

with an evidentiary basis to challenge Deutsche Bank's representation.

      In Interrogatory 5, Carter sought information concerning the physical transfer of the Note

to Deutsche Bank.  (Doc. 49-12 at PageID 673.)  Deutsche Bank originally responded that the

information sought was irrelevant.  (*Id.*)  However, Deutsche Bank produced a supplemental

response on September 19, 2013 stating that Note was deposited with Chase, as servicer for

Deutsche Bank on July 18, 2009.  (Doc. 49-18 at PageID 712–16.)  Deutsche Bank provided this

supplemental response after Carter filed the Motion to Compel on September 3, 2013.  Carter has

not explained what additional information he seeks, if any.

      For the foregoing reasons, the Court will not grant the Motion to Compel as to

Interrogatories 1 through 5.

**C.      JPMC as Attorney-in-Fact for Deutsche Bank**

Carter seeks "the corporate and legal documents including the corporate minutes and

resolution which establishes JPMC as attorney in fact for Deutsche Bank."  (Doc. 45 at PageID

499.)  On September 10, 2013, Deutsche Bank produced to Carter the Limited Power of Attorney

identifying Chase as the attorney in fact for Deutsche Bank.  (Doc. 49-1 at PageID 592; 49-16 at

PageID 701–11.)  The Court will not grant the Motion to Compel on this issue because Deutsche

Bank has satisfied Carter's request.

**D, E.   Jess Almanza and Angela Shepard**

Carter again seeks information regarding Almanza and Shepard.  (Doc. 45 at PageID

499.)  The Court will not grant the Motion to Compel on this issue because there is no

evidentiary basis for the Court to conclude that Deutsche Bank has information concerning

Almanza and Shepard.

**F.      Privilege/Work Product Doctrine Log**

Carter seeks Deutsche Bank to produce a privilege or work product doctrine log.  (Doc.

45 at PageID 499.)  Deutsche Bank informed Carter via an email dated July 30, 2013 that it did

not withhold the production of any responsive documents on the basis of privilege or the work

production doctrine.  (Doc. 49-1 at PageID 591; Doc. 49-15 at PageID 696.)  The Court will not

grant the Motion to Compel on this issue because Deutsche Bank has no duty to produce a log in

these circumstances.

**G.      Requests for Admissions**

Carter seeks Deutsche Bank to "specifically deny, admit or state in detail why Defendant

cannot truthfully admit or deny Request Numbers 12, 20, 21, 23, 24, 38, 39, 40, 41, 42, 43, 46,

and 49 of the First Set of Request for Admissions, or deem the specific Request Number

admitted as stated." (Doc. 45 at PageID 499.)  Deutsche Bank supplemented its responses to the each of the specified Requests for Admissions except Number 42 on September 27, 2013, after the Motion to Compel was filed.  (Doc. 49-19 at 718–25.)  Carter has not set forth any arguments asserting that these supplemental responses were insufficient.

Request for Admission 42 requests Deutsche Bank to admit that it has "settled lawsuits against you regarding the Fair Debt Collection Practices Act (FDCPA)."  (Doc. 49-2 at PageID 605.)  Deutsche Bank responds that the Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The Court agrees that this Request seeks information that is overly broad and outside the scope of Federal Rule of Civil Procedure 26.  The Motion to Compel will not be granted on this basis.

## II.     CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff Orlando Carter's Motion for Order to Further Compel Discovery (Doc. 45).

IT IS SO ORDERED.


S/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court