IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Michelle Castellanos, *et al.*, | : | |
| | : | Case No. 1:11-cv-815 |
| Plaintiffs, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Plaintiff's Motion for |
| Deutsche Bank, Trustee for Long Beach | : | Summary Judgment and Granting |
| Mortgage, | : | Defendant's Motion for Summary |
| | : | Judgment |
| Defendant. | : | |

This matter is before the Court on Plaintiff 's Motion for Summary Judgment (Doc. 52) and Defendant's Motion for Summary Judgment (Doc. 55). Plaintiff Orlando Carter asserted multiple claims against Deutsche Bank in this federal case after Deutsche Bank National Trust Company ("Deutsche Bank") initiated state court foreclosure proceedings as to real property owned by Carter. The Court dismissed most of the claims pursuant to a Rule 12(b)(6) motion. In the only remaining claim, Carter asserts that Deutsche Bank violated the Fair Debt Collections Practices Act ("FDCPA"). Carter and Deutsche Bank both now move for summary judgment on the FDCPA claim. For the reasons that follow, the Court will **DENY** Carter's Motion for Summary Judgment and **GRANT** Deutsche Bank's Motion for Summary Judgment.

I.  BACKGROUND

A.  Factual History

Both parties violated the Court's Standing Order Governing Civil Motions for Summary Judgment by failing to file statements of proposed undisputed facts and responses thereto. The Court will proceed with adjudicating the pending Motions for Summary Judgment, however, because the parties do not dispute the timeline of events in material respect.

1

Carter effectuated the purchase of real property known as 973 Sanctuary Lane, Maineville, Ohio 45039-7739 ("the Property") by borrowing money from Long Beach Mortgage Company ("Long Beach") evidenced by a promissory note ("the Note") dated March 24, 2005 in the amount of $850,000 signed by Carter in favor of Long Beach. (Doc. 55-2 at PageID 773–76.) Long Beach indorsed the Note in blank on a separate page. (*Id.* at PageID 776.) Carter also executed a mortgage ("the Mortgage") dated March 24, 2005 giving Long Beach a security interest in the Property. (Doc. 55-3 at PageID 777–98.) In July 2005, a trust entitled the Long Beach Mortgage Loan Trust 2005-WL1 ("the Trust") purchased Carter's loan. (Alegria Aff. ¶¶ 2, 7, Doc. 55-1 at PageID 769–70.)[1] Deutsche Bank was the Trustee and JPMorgan Chase Bank, N.A. ("Chase Bank") was the servicer for the Trust. (*Id.* ¶7, Doc. 55-1 at PageID 770.)

In July 2006, Washington Mutual Bank ("WaMu") became the successor in interest to Long Beach. (*Id.* ¶ 8, Doc. 55-1 at PageID 770.) In 2008, Chase Bank purchased certain assets and liabilities from WaMu, including WaMu's interest in Carter's loan. (*Id.* ¶ 9, Doc. 55-1 at PageID 770; Doc. 55-4 at PageID 799–842.) Pursuant to a Limited Power of Attorney dated April 7, 2009, Deutsche Bank named Chase Bank, as servicer for the Trust, its attorney-in-fact with respect to the Trust. (Alegria Aff. ¶ 10, Doc. 55-1 at PageID 770–71; Doc. 55-5 at PageID 843–46; )

On July 14, 2009, Rodger Berry, a Vice President for Chase, the successor in interest to WaMu and Long Beach, executed an assignment of mortgage ("Assignment of Mortgage") formally assigning the Mortgage and Note to Deutsch Bank as Trustee for the Trust. (Doc. 55-6 at PageID 847–49.) The Note was deposited with Chase, as servicer for the Trust, on July 18, 2009. (Alegria Aff. ¶ 12, Doc. 55-1 at PageID 771.)

---

[1] Deutsche Bank did not provide any documentation evidencing this purchase of Mr. Carter's loan by the Trust. Carter has not challenged this factual assertion.

On July 24, 2009, Deutsche Bank initiated a foreclosure lawsuit against Orlando Carter as to the Property in the Warren County, Ohio Court of Common Pleas, Case No. 09CV74870 ("the First Foreclosure Action"). (Doc. 55-8 at PageID 854–90.) Deutsche Bank attached to the foreclosure complaint a copy of the Note, the Mortgage, and the Assignment of Mortgage. (*Id.* at PageID 860–62, 863–83, 884–85.) However, Deutsche Bank failed to include the blank indorsement page of the Note with the copy it filed in the First Foreclosure Action. (*Id.* at PageID 860–62.) Deutsche Bank obtained a default judgment against Carter in the First Foreclosure Action on or about October 26, 2010, but the default judgment was set aside on January 27, 2011. (Doc. 55-7 at PageID 852–53.) Deutsche Bank voluntarily dismissed the First Foreclosure Action on or about July 14, 2011. (*Id.* at PageID 853; Doc. 55-11 at PageID 893–94.)

Deutsche Bank filed a second foreclosure action against Carter in the in the Warren County, Ohio Court of Common Pleas, Case No. 12CV82619 ("the Second Foreclosure Action") on August 7, 2012. (No. 12CV82619, docket, Warren Cty., Ohio C.P.) The Court of Common Pleas granted summary judgment in favor of Deutsche Bank in the Second Foreclosure Action on October 7, 2013. (Doc. 55-13 at PageID 901–04.) The Property was sold at a sheriff's sale in 2014. (No. 12CV82619, docket, Warren Cty., Ohio C.P.)

**B.     Procedural History**

Plaintiffs Orlando Carter and Michelle Castellanos initiated this action against Deutsche Bank on November 27, 2011. (Doc. 1.) At the time of the filing of the Verified Complaint, Castellanos was Carter's fiancée and she resided at the Property. (*Id.* at PageID 1–2.) Carter and Castellanos asserted thirteen claims for relief in the Verified Complaint:

1. Breach of the covenant of good faith and fair dealing;
2. Slander/cloud of title;

3. Fraud upon the court/abuse of process;
4. Violation of civil rights;
5. Violation of the Fair Debt Collection Practices Act
6. Violation of the Fair Credit Reporting Act
7. Violation of federal RICO statute and Ohio Revised Code § 2923.32;
8. Violation of the Ohio Consumer Sales Practices Act;
9. Declaratory judgment;
10. Rescission;
11. Trespass;
12. Conversion; and
13. Fraud.

(*Id.* at PageID 5–15.) Deutsche Bank moved to dismiss the claims against it. (Doc. 11.) On July 6, 2012, the Court issued the Order Granting in Part and Denying in Part Defendant's Motion to Dismiss the Complaint in which the Court dismissed all claims except the FDCPA claim filed by Carter against Deutsche Bank. (Doc. 24 at PageID 212.) Both parties now have moved for summary judgment on the remaining FDCPA claim.

## II. STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of showing that no genuine issues of material fact are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 585–87; *Provenzano*, 663 F.3d at 811. "Where the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden

4

to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law." *In re Morgeson,* 371 B.R. 798, 800–01 (B.A.P. 6th Cir. 2007).

The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

## III. ANALYIS

### A. Merits of the FDCPA Claim

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Likewise, it prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the 'least sophisticated consumer' would be misled by defendant's actions." *Wallace v. Wash. Mut. Bank., F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). A statement must be materially false or misleading to be actionable under

§ 1692e. *Clark v. Lender Processing Servs.*, No. 13-3799, ---F. App'x ---, 2014 WL 1408891, at *5 (6th Cir. Apr. 14, 2014).

Carter alleged in the Verified Complaint that Deutsche Bank made a false, deceptive, or misleading statement in violation of the FDCPA by "falsely claim[ing] it was the legal holder and owner of the [N]ote and [M]ortgage" and by filing a "false" Assignment of Mortgage in the First Foreclosure Action. (Doc. 1 at PageID 4, 10.) "[A] clearly false representation of the creditor's name may constitute 'a false representation to collect or attempt to collect any debt' under Section 1692e.'" *Wallace*, 683 F.3d at 327 (quoting the FDCPA).

Both Carter and Deutsche Bank assert that they are entitled to summary judgment on the FDCPA claim. Carter asserts that Deutsche Bank falsely represented in the First Foreclosure Action that it was the holder of the Note because the copy of the Note submitted to the Warren County Court of Common Pleas was neither payable to Deutsche Bank nor indorsed in blank. He also objects that the copies of the Note, Mortgage, and Assignment submitted to Court have not been authenticated. Deutsche Bank asserts that it did not violate the FDCPA because it had standing to move for foreclosure and on grounds that Carter exceeded the statute of limitations for an FDCPA claim.

Under Ohio law, a person entitled to enforce an instrument includes both a "holder of the instrument" and a "nonholder in possession of the instrument who has the rights of a holder." Ohio Rev. Code. § 1303.31(A)(1) & (2). A holder is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Ohio Rev. Code § 1301.201(B)(21)(a). A bearer is "a person in possession . . . of a negotiable instrument . . . that is payable to bearer or indorsed in blank." Ohio Rev. Code § 1301.201(B)(5). Finally, "[a]n instrument payable to an identified person may become payable

to the bearer if it is indorsed in blank." Ohio Rev. Code § 1303.10(D). In other words, "the person in physical possession of a note endorsed in blank may enforce it." *Clark*, 2014 WL 1408891, at *5. Additionally, under Ohio law, "possession of either the note or the mortgage gives a party standing to foreclose." *Id.*

To begin, Carter argues that Deutsche Bank cannot prove the authenticity of the copies of the Note, Mortgage, and Assignment attached to the Affidavit of Amber Alegria (Docs. 55-1 through 55-3, 55-6). Carter points out that Deutsche Bank conceded in discovery that Washington Mutual informed an Assistant United States Attorney that Washington Mutual could not find the original Carter loan documents in April 2009. (Doc. 59-1 at 1064–67.) Carter challenges the veracity of Amber Alegria's averment that the original Note was transferred to Chase Bank on July 18, 2009. (Doc. 55-1 at 771.) However, the fact that Washington Mutual could not locate the original loan documents in April 2009 does not factually or legally establish that Washington Mutual did not locate and then transfer the original loan documents to Chase Bank in July 2009. The Court does not consider the Note, Mortgage, or Assignment to be inadmissible because the original loan documents were missing in April 2009.

Relatedly, it is undisputed that the copy of the Note attached to the complaint in the First Foreclosure Action contained no indorsement page. However, that fact is not dispositive of whether Deutsche Bank made a false representation that it was the holder of the Note to the foreclosure court in violation of the FDCPA. Deutsche Bank has submitted to this Court a copy of the Note containing an indorsement in blank. Carter does not offer any evidence that the indorsement is invalid. Deutsche Bank also has provided an Affidavit establishing that Chase Bank, the servicer of the Trust for Deutsche Bank, obtained physical possession of the Note on July 18, 2009, six days before Deutsche Bank filed this lawsuit. (Doc. 55-1 at PageID 771; Doc.

7

55-2 at PageID 773.) Pursuant to Sixth Circuit case law, the trustee for a trust is the holder of a promissory note indorsed in blank when the note is in the physical possession of the servicing agent for the trust. *In re Moehring*, 485 B.R. 571, 576–77 (Bkrtcy. S.D. Ohio 2013). The rule in *Moehring* applied to this case means that Deutsche Bank, the trustee of the Trust, was the holder of the Note because the Note had been indorsed in blank and was in the possession of Chase Bank, the servicer of the Trust.

Additionally, Deutsche Bank has presented into evidence the Assignment by which Chase Bank formally assigned the Mortgage and Note to Deutsche Bank. Carter attacks the validity of the Assignment in the Verified Complaint asserting that it "bears no oath and wholly fails to establish any foundation for the facts it contains." (Doc. 1 at PageID 5; Doc. 55-6 at PageID 847–49.) However, the Assignment was witnessed by a notary public and was filed with the Warren County, Ohio Recorder at Book 4926 Page 773–74. (Doc. 55-6 at PageID 847–49.) Carter presents no facts to support his attack upon the validity of the Assignment. The Assignment is a separate basis upon which to conclude that Deutsche Bank was the holder of the Note with standing to bring the foreclosure suit. *See Fed. Home Loan Mortg.Corp. v. Trissell*, No. 25935, 2014 WL 1420182, at *3–4 (Ohio App. Apr. 11, 2014) (granting summary judgment to assignee of a mortgage on the basis that the assignment of mortgage acts as an equitable assignment of a note and gives standing to assignee to foreclose).

Finally, the Court acknowledges that a finding that debt collector has standing to bring a foreclosure action is not always dispositive of whether a debt collector made a misrepresentation in violation of the FDCPA. *Wallace*, 683 F.3d at 327–28. However, because Carter specifically has alleged here that Deutsche Bank falsely claimed that it was the holder the Note and Mortgage, a finding that Deutsche Bank was the holder of the Note and Mortgage and therefore

had standing to foreclose is dispositive in this case. *See Clark*, 2014 WL 1408891, at *6 ("[W]here the only misleading aspect of a communication or statement is that the statement implies that the lender has standing to foreclose when it did not, whether or not the lender does in fact have the right to foreclose appears to settle the matter.")

For all these reasons, the Court holds that Carter cannot establish that Deutsche Bank made a materially false statement in connection with the First Foreclosure Action by misrepresenting its status as a holder of the Note and Mortgage on the Property or its standing to file foreclosure. Carter's FDCPA claim fails on the merits as a matter of law.

**B.     Statute of Limitations for the FDCPA Claim**

Additionally, Deutsche Bank asserts a second, independent grounds for finding that Carter's FDCPA claim fails. Deutsche Bank asserts that Carter did not file the Verified Complaint setting forth the FDCPA claim within the applicable limitations period. FDCPA claims have a one-year statute of limitations. 15 U.S.C. § 1692k ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs."). "The point at which the statute of limitations begins to run is the moment the violation occurs without regard to when the plaintiff gained knowledge of the violation." *Bihn v. Fifth Third Mortg. Co.*, No. 3:13-cv-00057, 2013 WL 5657598, at *3 (S.D. Ohio Oct. 16, 2013) (citing *Rhittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F. Supp. 2d 914, 944 (N.D. Ohio 2009)).

In this case, Deutsche Bank contends that the statute of limitations began no later than the date that the complaint in the First Foreclosure Action was served upon Carter. *See Bihn*, 2013 WL 5657598, at *3 (finding that the statute of limitations expired one year after the date the foreclosure complaint was served); *Duffey v. Pope*, No. 2:11-cv-16, 2012 WL 4442753, at *8

(S.D. Ohio Sept. 25, 2012) (stating that statute of limitations begins at the time of service). Pursuant to court records, Carter was served with the complaint in the First Foreclosure Action via residential service on July 27, 2009 and July 29, 2009, both times by leaving a copy of the writ with Michelle Castellanos at 11497 Enyart Road, Loveland, Ohio 45140. (Docs. 55-7, 55-9 through 55-10.) Under the Ohio Civil Rules, for residential service "[t]he person serving process shall effect service by leaving a copy of the process and the complaint, or other document to be served, at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein." Ohio Civ. R. 4.1(C). Carter has put forth no argument why the residential service upon him was not sufficient pursuant to Ohio Civil Rule 4.1. It is of no legal consequence that Carter refused to accept alternative service on August 18, 2009 via certified mail pursuant to Ohio Civil Rule 4.1(A). (Doc. 55-7 at PageID 852.) Accordingly, the statute of limitations for the FDCPA claim began to run no later than July 29, 2010. Carter's Verified Complaint filed on November 17, 2011 was untimely as to the FDCPA claim.

Carter argues that his FDCPA claim nonetheless was timely because Deutsche Bank filed the Second Foreclosure Action on August 7, 2012. This argument fails. To begin, the FDCPA claim alleged in the Verified Complaint is based upon Deutsche Bank's representations in the First Foreclosure Action. The claim is barred by the statute of limitations as explained above. The FDCPA claim could not have been based on representations Deutsche Bank made in the Second Foreclosure Action because Carter filed the Verified Complaint in this suit before Deutsche Bank filed the Second Foreclosure Action. Carter has not sought leave to amend the Verified Complaint to add an FDCPA claim based on representations made in the Second Foreclosure Action.

To the extent that Carter alleges that Deutsche Bank's representations that it was the holder of the Note in the Second Foreclosure Action merely were a continuation of similar representations made in the First Foreclosure Action, the claim remains untimely. "New communications about old claims do not constitute violations of the FDCPA [and] maintaining a lawsuit or the course of litigations is not, in itself, a continuing violation of the FDCPA." *Bihn*, 2013 WL 5657598, at *4; *see also Ball v. Ocwen Loan Serv., LLC*, No. 1:12cv0604, 2012 WL 1745479, at *4–5 (N.D. Ohio May 16, 2012) (stating that continuing a course of litigation does not extend the statute of limitations). Finally, the Warren County Court of Common Pleas granted summary judgment and a decree of foreclosure in Deutsche Bank's favor in the Second Foreclosure Action. (Doc. 55-13.) Carter had the opportunity in the Second Foreclosure Action to raise defenses and counterclaims regarding whether Deutsche Bank had standing as holder of the Note to bring the foreclosure claim. His argument that Deutsche Bank violated the FDCPA by making false representations in the Second Foreclosure Action is barred by *res judicata*. *See Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (explaining elements of *res judicata*); *Clark*, 2014 WL 1408891, at *3 (noting that district court had dismissed FDCPA claim brought in federal court because it was a collateral attack on state foreclosure case and was barred by *res judicata*, but affirming on other grounds).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Orlando Carter's Motion for Summary Judgment (Doc. 52) is **DENIED** and Defendant Deutsche Bank's Motion for Summary Judgment (Doc. 55) is **GRANTED**.

IT IS SO ORDERED.

S/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court